```
ADOLFO B. GARBER (CSB No. 117817)
3580 Wilshire Blvd., Suite 1780
Los Angeles, CA 90010
Telephone No. (213) 383-1131
Fax No. (213) 383-1139
abgarber@sbcglobal.net

Attorney for Defendant,
Victor Hernandez
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chris Langer,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Dong C. Lee, in individual and representative capacity as trustee; Hyun D. Lee, in individual and representative capacity as trustee; Victor Hernandez; and Does 1-10,<br><br>　　　　Defendants. | Case No. 2-17-cv-01558-BRO-PLA<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL** |

　　DEFENDANT, Victor Hernandez, an individual and doing business as Tony's Bike Shop, Answers the First Amended Complaint (hereinafter referred to as "FAC") of Plaintiff, Chris Langer, as follows:

## ADMISSIONS AND DENIALS

1. Defendants lack sufficient information or belief at this stage of the proceedings as whether the allegations in Paragraph 1 of the FAC are true or not, and thus on this

Answer To 1st Amended Complaint

basis, the defendants deny the allegations in Paragraph 1.

2. Defendant admits all of the allegations in Paragraph 2 of the FAC only as a trustee.

3. Defendant admits all of the allegations in Paragraph 3 of the FAC only as a trustee.

4. Defendant admits all of the allegations in Paragraph 4 of the FAC only as a trustee.

5 Defendant admits all of the allegations in Paragraph 5 of the FAC only as a trustee.

6. Defendant admits the allegations in Paragraph 6 of the FAC.

7. Defendant admits all allegations in Paragraph 7 of the FAC.

8. No averment is required to Paragraph 8 of the FAC.

9. Defendant admits that this Court has subject matter jurisdiction to preside over alleged civil rights violations under Title 28 U.S.C. sections 1331 and 1343(a)(4).

10. Defendant admit that the Court can exercise supplemental jurisdiction over related State claims pursuant to 28 U.S.C. section 1367(a).

11 Defendants do not dispute venue for this action.

12. This responding defendant lacks information or belief as to the allegations raised in Paragraph 12 of the FAC, and on that basis, denies each and every allegation therein.

13. Defendant admits the allegations contained in Paragraph 13 of the FAC.

14. Defendant denies all allegations in Paragraph 14 of the FAC as there is no public parking offered at all or available to non-employees for the premises leased by this responding defendant.

15. Defendant denies all allegations in Paragraph 15 of the FAC as there is no public parking offered at all or available for non-employees at or for the premises leased by this responding defendant.

16. Defendant denies all allegations in Paragraph 15 of the FAC as there is no public parking offered at all or available for non-employees at or for the premises leased by this responding defendant.

17. This responding defendant lacks information or belief that the plaintiff allegedly "personally encountered this barrier" as stated in Paragraph 17 of the FAC, and on that basis, denies each and every allegation therein.

18. This responding defendant lacks information or belief that the plaintiff allegedly "personally encountered "any "inaccessible condition" as stated in Paragraph 18 of the FAC, and on that basis, denies each and every allegation therein

19. This responding defendant denies that the plaintiff was not "able to shop" at the subject premises, and further states that no averment is required as to the remaining

20. No averment is required to Paragraph 20 of the FAC.

21. This responding defendant admits that the plaintiff "did not personally confront the barrier" or "personally encounter" the barrier pertaining to Paragraph 21 of the FAC. This responding defendant admits that there is a slope greater than 8.33% and denies all other allegations in the stated paragraph. The stated barrier is not a barrier whose correction is "readily achievable." The creation of a slope, lower than stated above would require erection of the slope over the public sidewalk, which is illegal (Los Angeles Municipal Court section 56.08(e)(1)). Consequently, this responding defendant is taking measures to implement "alternate means" in the form of signage and a buzzer that would allow disabled persons to receive preferred service at the entrance of the premises.

22. This responding defendant denies the barrier allegedly raised in Paragraph 22 of the FAC is in a public area as it is located in an area designated for employees only. It is not a construction accessibility barrier that any member of the public would encounter or come into contact with.

23. No averment is required to Paragraph 23 of the FAC.

- 3 -

24. This responding defendant admits the allegations in Paragraph 24 of the FAC, and and further alleges that the stated barrier has been corrected at the time of this Answer.

25. This responding defendant admits the allegations in Paragraph 25 of the FAC, and and further alleges that the stated barrier has been corrected at the time of this Answer.

26. This responding defendant denies that "currently" the transaction counter is "more than 36 inches in height" as alleged in Paragraph 26 of the FAC.

27. This responding defendant denies that "currently" the transaction counter is "more than 36 inches in height" as alleged in Paragraph 27 of the FAC.

28. This responding defendant lacks information or belief as to the allegations raised in Paragraph 28 of the FAC, and on that basis, denies each and every allegation therein.

29. Defendant denies that the plaintiff has any intention to return to the subject premises, if he even visited them in the first place. Defendants further allege that the plaintiff was not at all relevant times a "patron" of the location at issue in the FAC.

30. This responding defendant realleges and incorporates by reference Paragraph 21 in its entirety, supra, and further specifically denies that the alleged front entrance barrier can be "easily removed without much difficulty or expense." If a slope is not constructed over the public sidewalk, which construction would be illegal (illegal (Los Angeles Municipal Court section 56.08(e)(1)), then the floor and sub-floors of the building would have to be demolished and removed at a tremendous costs to this responding defendant. This defendant further denies any failure to provide accessible parking space(s) as no parking is available at all on the leased premises to this defendant. Additionally, the "5 inch step" in the back entrance is a located in a non-public area of the premises, and no member of the public is denied access by the same. The responding defendant admits that only the transaction counter is an "easily achievable" barrier.

31. This defendant realleges and reincorporates herein as set forth in full Paragraph 30,

- 4 -

Answer To 1st Amended Complaint

supra, as Paragraph 31 of the FAC is a verbatim repetition of Paragraph 30 of the FAC.

32. No averment is required to Paragraph 32 of the FAC.

33. No averment is required to Paragraph 33 of the FAC.

34. No averment is required to Paragraph 34 of the FAC.

35. This responding defendant denies all allegations in Paragraph 35 of the FAC.

36. This responding defendant denies all allegations in Paragraph 36 of the FAC.

37. This responding defendant denies all allegations in Paragraph 37 of the FAC.

**RESPONSE TO FIRST CAUSE OF ACTION ( Violation of Americans with Disabilities Act)**

38. No averment is required to Paragraph 38 of the FAC.

39. No averment is required to Paragraph 39 of the FAC.

40. No averment is required to Paragraph 40 of the FAC.

41. The word "here" is not defined. Defendant denies having any public parking at all so there is no discrimination against the plaintiff.

42. No averment is required to Paragraph 42 of the FAC.

43. The word "here" is not defined. Defendant admits that there was a non-compliant ramp at the premises on "December of 2016," and denies all other allegations.

44. No averment is required to Paragraph 44 of FAC.

45. The word "here" is not defined. Defendants admit that there was anon-compliant ramp in the premises on "December of 2016," and deny all other allegations.

46. No averment is required to Paragraph 46 of the FAC.

47. The word "here" is not defined. This responding defendant admits that the alleged transaction counter was not lower than 36 inches.

48. No averment is required to Paragraph 48 of the FAC.

49. The word "here" is not defined. This responding defendant only admits that the transaction counter was not lower than 36 inches and that the slope of the front entrance was not in compliance with the ADA; all other allegations in Paragraph 49 are

denied.

50. This defendant denies all allegations in Paragraph 50 of FAC.

### RESPONSE TO SECOND CAUSE OF ACTION ( Violation of The Unruh Civil Rights Act As to All Defendants) (Cal Civ. Code section 51-53)

51. No averment is required to Paragraph 51 of FAC.

52. This responding defendant denies all allegations in Paragraph 52 of the FAC.

53. This responding defendant denies all allegations in Paragraph 52 of the FAC.

### RESPONSE TO THE PRAYER

1. through 3, Inclusive. This responding defendant denies all requests for relief in the prayer.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Cause of Action)

As a First and separate Affirmative Defense, defendant alleges that the FAC, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering defendant, in that, among other things, the plaintiff cannot give a specific date for allegedly visiting the defendants' premises and instead improperly alleges only " December 2016." (See Page 3, line 17 of the FAC).

### Second Affirmative Defense (Lack of Standing)

For a Second and separate Affirmative Defense, defendant alleges that the plaintiff has no standing, in that, among other things, he never "visited" the subject premises, is not known by any of defendants or their respective employees, and further, the plaintiff lacks a genuine "intent to return" to the defendants' premises, and/or he has not been deterred from returning to the stated premises.

### Third Affirmative Defense (Statute of Limitation)

For a Third and separate Affirmative Defense, defendant alleges that the FAC is time barred as the plaintiff cannot allege a date certain when he allegedly visited the defendants' premises, and the statute of limitation has expired for this lawsuit (see 28 U.S.C. 1658(a); California Code of Civil Procedure sections 335.1 and 343).

Answer To 1st Amended Complaint

### Fourth Affirmative Defense (Uncertainty of Allegations)

For a Fourth and separate Affirmative Defense, defendant alleges that the FAC, and each of its two (2) purported Causes of Action, is so uncertain and vague, in that, among other things, the plaintiff fails to allege a date certain when he allegedly visited the defendants' premises, and instead only alleges that he "went in December 2016..." (See FAC at page 3, lines 17).

### Fifth Affirmative Defense (Removal of Barriers Not "Readily Achievable")

For a Fifth and separate Affirmative Defense, defendant alleges the front entrance accessibility barrier mentioned in Paragraph 21 of the FAC entrance requires, among other things, requires construction over an adjacent public sidewalk, which is not a "readily achievable" barrier (28 CFR section 36.304(a)) that can be easily and economically corrected as are barriers contemplated by the ADA. Further, the back entrance path (see Paragraph 22 of the FAC) is located in an area non-accessible to any member of the public, and is therefore, not a barrier falling with the ADA.

### Sixth Affirmative Defense (Unclean Hands)

For a Sixth and separate Affirmative Defense, defendant is informed and believes the plaintiff never visited the defendants' premises, and thus the plaintiff never personally encountered any of the accessibility barrier(s) at the defendant's premises. The defendant is further informed and believes, and thereon alleges, that the plaintiff is a serial litigant, and thus has unclean hands.

### Seventh Affirmative Defense (Failure to Mitigate)

For a Seventh and separate Affirmative Defense, Defendant alleges that the plaintiff failed to mitigate his alleged damages, in that, among other things, he never requested assistance from any of the defendants or persons employed by the defendants, and that failure to mitigate bars and/or diminishes plaintiff's recovery, if any, against this responding defendant.

### Eighth Affirmative Defense (Comparative Fault)

For a Eighth and separate Affirmative Defense, defendant is informed and

Answer To 1st Amended Complaint

believes, and thereon alleges that to the extent that any damage was allegedly sustained by the plaintiff, it was proximately caused by the plaintiff himself by, among other things, failing to exercise reasonable care in preventing such damage, and thus the plaintiff is barred from recovering such damages against this defendant.

### Ninth Affirmative Defense (Lack of Proximate Cause)

For an Ninth and separate Affirmative Defense, defendant alleges that no act or omission of this responding defendant was the cause of the plaintiff's damages, if any. In the alterative, plaintiff's alleged damages, if any, were proximately caused by the negligence, fault and/or conduct of persons or entities other than this responding defendant, who was not in possession and/or control of the subject premises. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than this responding defendant, up to and including one hundred percent (100%).

### Tenth Affirmative Defense (Alleged Acts Were Not Intentional)

For a Tenth and separate Affirmative Defense, defendant alleges that the alleged discriminatory actions claimed by the plaintiff were not intentional. As a result, the plaintiff is not entitled to the relief requested in the FAC.

### Eleventh Affirmative Defense (Undue Hardship)

For an Eleventh and separate Affirmative Defense, this responding defendant alleges that because of the high monetary costs of the construction of the proposed ramp to the front entrance.(see Fifth Affirmative Defense, above), the relief requested would constitute an undue hardship on this responding defendant.

### Twelfth Affirmative Defense ("Alternate Methods To Accommodate"— 42 U.S.C. Sec. 12182(b)(2)(A)(v))

For a Twelfth and separate Affirmative Defense, this responding defendant alleges that he has or shortly will implement "alternative methods "(28 CFR 36.305(a)) to accommodate disabled persons, by, among other things, having a buzzer with signage to allow any disabled person to immediate contact a person working inside of the

Answer To 1st Amended Complaint

subject premises during business hours, who would go out to assist any such person seeking to the services of this responding defendant.

### Thirteenth Affirmative Defense ("Statutory Damages" Limited To Particular Visit, Not Number of Construction Accessibility Barrier Violations—California Civil Code section 55.56 (f))

For a Thirteenth and separate Affirmative Defense, any "statutory damages" under the Unruh Civil Rights Act (California Civil Code sections 51(f) et seq.) are limited to the particular visit claimed by the plaintiff to the defendant's premises, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access allegedly occurred.

### Fourteenth Affirmative Defense ("Small Business" Reduction of '"Statutory Damages" To Minimum of $2,000.00 – Cal. Civil Code Section 55.56(g) (2) (A) (B))

For a Fourteenth and separate Affirmative Defense, this answering defendant alleges that he is a "small business" (i.e., with less than twenty-five (25) employees and having gross receipt of less than three million five hundred thousand dollars ($3,500.000.00) over the previous three (3) years) as defined by Cal Civ. Code section 55.56(f)(2)(B)), and as the construction related violation alleged by the plaintiff in this action have been and/or are already being fully corrected, or an "alternative method provided" (28 CFR 36.305(a)) have been implemented or will be implemented within 30 days of being served with the FAC, and thus the "statutory damages" are reduced to a minimum of two thousand dollars ($2,000.00). (California Civil Code section 55.56(g) (2).

### Fifteenth Affirmative Defense ("Equivalent Facilitation" 28CFR P. 36, App.A Sec. 2.2 (See Kohler v. Flava Enterprises, 779 F. 3d 1016, 1019 (9th Cir. 2015)

The Complaint and its two (2) purported causes of action should be barred as this

– 9 –

Answer To 1st Amended Complaint

answering defendant has now or shortly will have provided "equivalent facilitation" that substantially provided equivalent access to the plaintiff.

### Sixteenth Affirmative Defense (Reservation of Additional Affirmative Defenses)

It should be noted that this responding defendant has only started his investigation, and at this stage of the proceedings without the benefit of pre-litigation discovery, it is impossible for this defendant to assert all applicable affirmative defenses at this time, and thus he reserves the right to assert additional affirmative defenses in the event that discovery or investigation indicates it would be appropriate.

WHEREFORE, this responding defendant prays for judgment as follows:

(1) That the plaintiff take nothing by his complaint on file;

(2) That judgment be entered against the plaintiff and in favor of this responding defendant;

(3) For costs and attorney's fees incurred herein; and

(4) For such other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant, Victor Hernandez, demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all matters triable by a jury.

///

Date: May 23, 2017

/s/ ADOLFO B. GARBER

ADOLFO B. GARBER, Attorney for Defendant, VICTOR HERNANDEZ,

Address: 3580 Wilshire Blvd., #1780

Los Angeles, CA   (213) 383-1131

Email: abgarber@sbcglobal.net

# DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare as follows:

That I am a resident of the County of Los Angeles. I am over the age of eighteen (18) and not a party to the within action. My business address is 3580 Wilshire Blvd., Suite 1780, Los Angeles, California 90010, and I am employed by a Member of the Bar of the Central District, California.

On May 23, 2017 I served the foregoing document described as:

(1) ANSWER TO FIRST AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL; AND

(2) CERTIFICATION AND NOTICE OF INTERESTED PARTIES;

in said action on Plaintiff's Counsel

by placing the ___ original  X  a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as follows:   Phyl Grace, Esq., Center for Disability Access, P. O. Box 262490, San Diego, CA 92196-2490  Email: phylg@potterhandy.com

(Attorneys for Plaintiff, Chris Langer)

Ho-El Park, Esq., 333 City Boulevard West, #1700, Orange, CA 92868

(Attorneys for Co-Defendants, Dong C. Lee, and Hyun D. Lee)

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in this declaration.

I employed by a member of the Federal Court and I executed service as indicated above at his direction.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed on May 23, 2017, in Los Angeles, California.

/s/Martin Garber
DECLARANT: Martin Garber